```
             UNITED STATES DISTRICT COURT
               DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA    :
                            :    CRIMINAL NO.
        v.                  :
                            :    Violation:  18 U.S.C. § 371
                            :                [conspiracy]
SCOTT CARRERA               :
                            :
```

I N F O R M A T I O N

The Government charges that:

COUNT ONE
(Conspiracy)

I. Background

1.    At all times relevant to this Information, the defendant SCOTT CARRERA possessed, maintained, or had access to one or more computers connected to the Internet and communicated online using an alias.

II.   Object of the Conspiracy

2.    Beginning at a time unknown and, although no later than in or about January 2002, through in or about April 2004, in the District of Connecticut and elsewhere, the defendant SCOTT CARRERA and others known and unknown to the Government (the "Conspirators") did knowingly and willfully conspire, combine, confederate, and agree to commit an offense against the United States -- to wit, to willfully infringe the copyright of a copyrighted work for purposes of commercial advantage and private financial gain, by reproducing and distributing, including by

electronic means, during a 180-day period ten (10) or more copies of one or more copyrighted works, which have a total retail value of more than $2,500, in violation of Title 18, United States Code, Section 2319(b)(1), and Title 17, United States Code, Section 506(a)(1).

### III.  Manner and Means of the Conspiracy

3.   It was a part of the conspiracy that the defendant SCOTT CARRERA and others known and unknown to the Government were participants in the "warez scene" -- that is, individuals and organized groups of individuals ("warez groups") who engaged in the duplication, modification, reproduction, and distribution of copyrighted software over the Internet, in violation of federal copyright law.

4.   It was further a part of the conspiracy that the defendant SCOTT CARRERA and others known and unknown to the Government would obtain access to "pirated" software -- that is, computer software, games, and movies that had been "cracked" (_i.e._, had their copyright protections removed or circumvented) by other participants in the warez scene.  The defendant SCOTT CARRERA and others known and unknown to the Government would then distribute such pirated software to various file storage sites ("FTP sites") on the Internet for others to access, reproduce, and distribute.

5.   It was a part of the conspiracy that the defendant SCOTT CARRERA and others known and unknown to the Government

would establish, maintain, and support a number of FTP sites consisting of one or more computers connected to the Internet for the purpose of receiving, storing, and distributing pirated software.  Some of these FTP sites were known in the warez scene at various times as "TOP" and "HOP."

6. It was further a part of the conspiracy that the Conspirators would alter the constituent files of digital copies of copyrighted works in order to circumvent copy and access controls embedded thereon, and then transfer or upload the pirated copyrighted works to several FTP sites operated by and for members of prominent warez groups.  This was done with the knowledge and intent that those copyrighted works would be further accessed, reproduced, and distributed by additional Conspirators.  Over the course of this conspiracy, these sites accumulated tens of thousands of digital files, consisting of copyright-protected software programs, PC and console games, movies, and music files.

7. It was further a part of the conspiracy that, in exchange for uploading pirated, copyright-protected computer software to various FTP sites, defendant SCOTT CARRERA and other Conspirators would have access to and be permitted to download or reproduce a number of pirated copies of copyright-protected works for their own personal use and enjoyment.

Overt Acts

8. In furtherance of the above conspiracy, and in order to

effectuate the objects thereof, the following overt acts, among others, were committed within the District of Connecticut and elsewhere:

    a.   On specific occasions from on or about January 2002 through on or about April 21, 2004, the defendant did assist in the construction and maintenance of a warez server identified as "HOP" which contained a library of more that 5,000 copyright-protected software titles, including movies, music, games and business software.  During this time period, the defendant also served as a site-op and site-administrator for the warez server and permitted others to have access to the warez server with the knowledge that they would upload new material to the server and, in return, be permitted to download any material for their own use.

    b.   On specific occasions from on or about January 2002 through on or about April 21, 2004, the defendant, in furtherance of the above conspiracy, transferred more than 180 pirated copies of copyright-protected software titles to the warez server and downloaded more than 2,600 copyright-protected software titles from the same warez server.

    c.   On specific occasions from on or about January 2002 through on or about April 21, 2004, the defendant assisted in the administration of a second warez server identified as "TOP."  As an administrator for the "TOP" warez server, the defendant permitted others to have access to the warez server

with the knowledge that they would upload new material to the server and, in return, be permitted to download any material for their own use.

All in violation of Title 18, United States Code, Section 371.

THE UNITED STATES OF AMERICA

  /s/
KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

  /s/
ANTHONY E. KAPLAN
SUPERVISORY ASSISTANT UNITED STATES ATTORNEY

  /s/
EDWARD CHANG
ASSISTANT UNITED STATES ATTORNEY