UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 3:07CR00096(RNC) |
| | ) | |
| SCOTT CARRERA | ) | |

### SENTENCING MEMORANDUM OF SCOTT CARRERA

Defendant, through undersigned counsel, hereby files this memorandum in anticipation of his

sentencing on December 10, 2007. Pursuant to a plea agreement under Federal Rule of Criminal

Procedure 11(c)(1)(C), defendant pleaded guilty on May 7, 2007 to one count of conspiracy, in

violation of 17 U.S.C. §506(a), and 18 U.S.C. §2319, in violation of 18 U.S.C. §371.  The

advisory sentencing guideline calculation is undisputed, and places defendant at offense level 19,

criminal history category 1.  Pursuant to 18 U.S.C. §3553(a), Mr. Carrera respectfully requests

that the Court sentence him to straight probation which is within the range of potential

punishments agreed to by the parties, and consistent with sentences imposed on the other four

similarly situated co-defendants in this case.

### *FACTUAL BACKGROUND*

Scott Carrera is a 32 years old man charged with conspiring with other individuals to obtain

illegal use of computer software, digital video disc movies (DVDs), and console video games.

Other than the instant offense charged, Mr. Carrera has never had any involvement with the

criminal justice system.  Scott Carrera was born on February 9, 1975 in Chicago, Illinois.  He is

the second of three children born to the marital union of Robert and Karen Carrera.  Scott

Carrera graduated from Lane Technical High School in Chicago, Illinois.  He has also attended

the University of Illinois at Chicago for 5 ½ years, majoring in electrical engineering.  Mr. Carrera plans on going back to the university to obtain a few more hours needed to complete a BS degree in Electrical Engineering.  Historically, both of the defendant's parents have maintained employment since the defendant's birth and have instilled in him a strong work ethic. Scott Carrera has been gainfully employed since 1995 while attending college.  He has held various computer security-related jobs and six years ago started his own company with several other business partners - Guardian Technologies Incorporated.  He indicates that he implements computer and network security solutions to assist fortune 500 companies in the prevention of computer hackers.  The defendant recalls his childhood growing up in a lower middle class Mexican family as somewhat of a struggle, but described the household environment as consistently supportive and healthy.  He indicates no exposure to mental, physical, or substance abuse and proudly states that his parental and family unit have always been strong.   The defendant's family describes Scott as an even keeled individual that always walked a straight path in life.  His family is utterly shocked and dismayed by the instant offense as it is completely out of character for the defendant.  Nevertheless, the defendant's family is willing to do "anything" to support their son and brother in order to get through this difficult time.

The defendant indicates that since his marriage to his wife Sabrina seven years ago, his adult life has continued to be productive and successful.  After being married for approximately four years, the defendant's wife gave birth to a beautiful and healthy baby girl, Taylor Ann Carrera. Sabrina Carrera describes her husband as an all around good guy and the cornerstone of their family.  She has known the defendant for the past sixteen years and could not think of one instance that effectively put her husband or their family in harm's way, either legally or financially.  She indicates that her husband is a family man all the way and his actions in this

case were founded in stupidity, not because he is malicious or greedy.  Mrs. Carrera confirmed that her marriage to the defendant is stronger than ever and that she has and continues to support her husband throughout these difficult times.

Mr. Carrera has been and currently is an active member of his community.  He is a talented musician, and serves as a member of the Worship Arts Team at Parkview Community Church in Glen Ellyn, IL.  For seven years Mr. Carrera has played the guitar and keyboard, and is recognized as one of the leaders of this ministry.  Because of his dedication to this service, Mr. Carrera has in the last year been leading Sunday Worship Services on a regular basis for a congregation of around one-thousand people.  Mr. Carrera is also heavily involved with the children's ministry at Parkview Community Church.  For the last seven years he has been responsible for and leads the music team for the weekly children's ministry *Kidz Blast* every Wednesday evening, serving approximately 150 children ranging from ages 4 through 11 years old.

Back in May 2007, Mr. Carrera waived indictment and entered into a plea and cooperation agreement with the Government.  Prior to that date, Mr. Carrera has done all in his power to cooperate fully with the Government in the investigation and potential prosecution of others, and to create a positive use of his computer skill.  As stated above, the defendant started his own computer security consulting company Guardian Technologies and utilizes his computer skill to provide security solutions for his company's clients against outside computer hackers.  Mr. Carrera has worked with many Fortune 500 companies encompassing numerous industries including financial, manufacturing, law, online, medical, banking and retail. He holds an impeccable reputation for the work he provides throughout these industries.  Scott Carrera is a fundamentally good person with an absolute potential to continue to lead a constructive and

positive life.  He will continue to contribute positively to his family, his wife, his child, his business partners and clients, and to society as a whole.  Mr. Carrera did not engage in this criminal conduct to obtain compensation and/or monetary gain.  He admittedly engaged in this conduct because of his stupidity and immaturity.

In addition to the facts stated above, the defendant submits personal letters as character references to be factored into this Court's sentencing calculation.  The defendant respectfully requests that this Honorable Court evaluate these documents and incorporate them herein by reference (group exhibit A).

Using a totality of the circumstances approach, we respectfully request that the Court impose a sentence of probation in this matter as such a sentence would be sufficient, but not greater than necessary, to achieve just punishment in this case.

### *A PROBATIONARY SENTENCE IS APPROPRIATE*

Before this defendant was indicted, he was questioned and extensively interviewed by agents of the Federal Government.  Before ultimately pleading guilty, the defendant was utilizing his computer skills to provide the DOJ with additional information of the investigation of others.  Mr. Carrera managed to stay in contact with the investigating agents throughout the pendency of this case.  Through AUSA Clem McGovern and undersigned counsel, Mr. Carrera was able to make contact and assist new investigators that became involved with this investigation.  Rather than discontinue his efforts, Mr. Carrera proactively sought out the newly assigned case agents and continued his dialogue and cooperation.  While the Government has indicated to undersigned counsel that they no longer need such detailed information or cooperation, the defendant states now that he stands ready to assist the DOJ in whatever manner and form they deem appropriate.  Mr. Carrera recognizes the error of his ways and continues to strive to use his computer skills in

a positive and productive way.

Although Mr. Carrera has provided substantial cooperation to the Government with over 2000 hours of active research and evidence gathering over a long period of time, the Government has made the determination that the defendant's assistance does not yet reach the level of *substantial assistance of others* such that a §5K1.1 motion would be warranted.  In fashioning an appropriate sentence in this matter, this Honorable Court may consider the assistance provided by Mr. Carrera to the Government, the length of time over which this defendant provided assistance, his efforts in furtherance of his cooperation with two completely different case agents, and his willingness to assist the Government in any of their future computer-based investigations.  While these activities may not be the basis of a §5K1.1 or a downward departure within the Sentencing Guidelines pursuant to §3553(a)(4), this Court may consider this conduct in the broader factors enunciated in section 3553(a).

The Second Circuit made it clear that cooperation with the Government that, in the Government's judgment, does not reach the level of a §5K1.1 motion should nonetheless be considered by the Court under other factors that govern sentencing under §3553(a)(1).  In the case of *United States vs. Fernandez,* the Court specifically stated:

> We agree that in formulating a reasonable sentence a sentencing judge must consider "the history and characteristics of the defendant" within the meaning of 18 U.S.C. §3553(a)(1), as well as other factors enumerated in 213553(a), and should take under advisement any related arguments, including the contention that a defendant made efforts to cooperate, even if those efforts did not yield a Government motion for a downward departure pursuant to U.S.S.G. §5K1.1.  Section 3553(a)(1), in particular, is worded broadly, and it contains no express limitations as to what "history and characteristics of the defendant" are relevant.  This sweeping provision presumably includes the history of a defendant's cooperation and characteristics evidenced by cooperation, such as remorse or rehabilitation.  443 F.3d. 19 at 33 (2nd Cir. 2006).

This defendant has learned from Assistant United States Attorney's Office that they do not believe the filing of downward departure 5K1.1 motion is warranted in this case.  The defendant strongly urges that this Honorable Court consider his cooperation and substantial assistance to the Government's investigation be evaluated in a light most favorable to the defendant.  Again, Mr. Scott Carrera's character is defined as man who immediately accepted responsibility for his actions, voluntarily surrendered his computers and computer equipment to the Government for use in their investigation, actively gathered research and evidence for several years, communicated through the internet, by telephone, and in person with several different case agents and investigators, and made personal strides to utilize his computer expertise in positive ways.

Under the other factors set forth in 18 U.S.C. §3553(a), we respectfully submit additional reasons why a straight probationary sentence is appropriate for defendant in this case. Section 3553(a) directs that the court "impose a sentence <u>sufficient but not greater than necessary</u>" based on the statutory objectives and relevant factors. (Emphasis added). In this case, that analysis strongly supports imposing a sentence of probation:

**(1) The nature and circumstances of the offense and the history and characteristics of the defendant.18 U.S.C. §3553(a)(1).**

As set forth in the preceding section, defendant presents extraordinary mitigating circumstances. He has lived his life without ever running afoul of the law. Instead, he left a rough Mexican neighborhood in the City of Chicago to seek education and create a career for himself.  He has been and is currently an active member of his community serving in several ministries at his church.  In addition, he has constructively utilized his computer skill(s) to provide security

against hackers and computer piracy.  This decision and career path speaks volumes to his rehabilitative potential and his willingness to turn his life around in an effort to support his family.

While copyright infringement is a criminal offense, it is important to remember that this was not done for purposes of obtaining compensation to which defendant and was not entitled. There is no evidence of any loss to the government; rather, the only evidence demonstrates that defendant on numerous occasions the defendant downloaded movies and video games for his own personal use.  Nevertheless, the defendant has fully accepted responsibility for his criminal actions and feels deep remorse and embarrassment for his conduct.

**(2) The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed training or services. 18 U.S.C. §3553(a)(2XA-D).**

Here, there can be no question that a probationary sentence would satisfy the "needs" addressed in this subsection. The seriousness of the offense does not require a sentence greater than probation. Indeed, the government at least implicitly acknowledges this by agreeing to a sentencing range which permits the imposition of a sentence of straight probation (although it is within the government's discretion to argue for a sentence within the guideline range). Given the lack of any economic loss and the fact that the defendant did not engage in this particular activity for pecuniary gain, we respectfully urge this Court that this offense is at the bottom of the culpability spectrum. In addition, any concerns regarding general or specific deterrence do not justify a sentence greater than probation. Certainly, there can be no concern that Mr. Carrera

would <u>ever</u> commit such a crime again, and recent Court orders have reflected the fact that this investigation virtually eliminated the "warez scene" in the United States.

**(3) The kinds of sentences available. 18 U.S.C. §3553(a)(3).**

Here, this is no question that straight probation is authorized by statute, 18 U.S.C. §3561 (c)(1).

**(4) The kinds of sentence and sentencing range established by the Sentencing Guidelines and pertinent policy statements. 18 U.S.C. §3553(a) (4-5).**

The advisory guideline range in this case, as found by the Probation Officer and stipulated by the parties, is offense level 19, criminal history I; however, because the offense is a Class D Felony, the defendant is eligible for probation.

**(5) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. §3553(a)(6).**

This is the factor which most strongly supports defendant's request to be sentenced outside of the applicable advisory guideline range. The most similarly situated defendants were those indicted as part of the related case. In that case, the defendants were charged with conspiring to, among other things, commit criminal copyright infringement.  Albert Bryndza (3:05CR00051(RNC)), Jeffrey Lehman (3:05CR00050(RNC)), Seth Kleinberg (3:05CR00049(RNC)), and I-Che Lai (3:06CR0004(RNC)) who were co-defendants in this case, entered binding plea agreements with the government which provided for Guideline Sentencing range(s) identical to those enunciated in Mr. Carrera's plea agreement.   All of those defendants received sentences of probation.

Here, defendant is substantially less culpable than the defendants in the related case(s). This defendant did not provide, supply, repackage, or restructure video games or DVD movies; he did not seek or obtain any pecuniary gain for his services to the various websites; he did not cause any loss to the government; and he did not unjustifiably or illegally profit

from his involvement in the conspiracy. A probationary sentence for defendant avoids unwarranted disparity and appropriately recognizes that defendant is less culpable than these similarly-situated defendants.

**(6)      The need to provide restitution to any victims of the offense. 18 U.S.C. §3553(a)(7).**

Because defendant did not cause any economic loss, restitution is not an issue in this case.

## *CONCLUSION*

Defendant seeks a variance from the advisory sentencing guideline range because a straight probationary sentence would serve the underlying statutory purposes of 18 U.S.C. §3553(a). Considering the lack of criminal history of the defendant, his personal and family characteristics, his involvement in his community, his participation in government cooperation and assistance in their investigation, and the nature and circumstances of his offense conduct, the defendant respectfully requests a sentence of probation which would sufficiently punish him for his wrongdoing and deter him from this type of conduct in the future.

Respectfully submitted,

SCOTT CARRERA

By: /s/ Mark P. Sutter_____
Mark P. Sutter
Sutter & Ori, LLC
221 N. LaSalle – 2700
Chicago, IL 60601
312-621-0000
msutter@sutterori.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on November 15, 2007, a copy of the foregoing was filed electronically.  Notice of filing will be sent via email to all parties by operation of the court;'s electronic filing system or by mail for anyone who is unable to accept such electronic service as indicated on the Notice of Electronic Filing.  Parties may also access this filing through the court's CM/ECF System.


 /s/   Mark P. Sutter_____
Mark P. Sutter
Sutter & Ori, LLC