```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA      :
                              :    No. 3:05 Cr. 50 (RNC)
    - v. -                    :
                              :
SCOTT CARRERA,                :
                              :    November 29, 2007
          Defendant.          :
```

## AFFIDAVIT OF CASEY R. HARRINGTON

I, Casey R. Harrington, do hereby declare as follows:

1. I am a Special Agent assigned to the New Haven Division of the Federal Bureau of Investigation ("FBI"), and have been so employed since November, 2005. I am currently assigned to the New Haven FBI's Computer Crimes Task Force. Since joining the FBI, I have been involved in investigations related to Internet fraud, copyright infringement, and crimes against children. Before reporting to the New Haven field office of the FBI, I trained for 18 weeks at the FBI Academy in Quantico, Virginia. During that time I received specialized training on various topics including Constitutional Law, Ethics, Investigative Techniques and Interviewing.

2. I am submitting this affidavit in connection with the sentencing of defendant Scott Carrera, who has pled guilty to one count of conspiracy to commit copyright infringement. The purpose of this affidavit is to provide a factual basis for the loss amount that was agreed upon by the parties and set forth in defendant's plea agreement. The information in this affidavit is

based on my review of file transfer log files and on information from the case file and information that has been provided to me by others involved in this investigation.

3. During the course of the Government's investigation, a cooperating witness downloaded file transfer log files from various computer servers that were used during the course of the conspiracy. The log files, which were generated automatically by the file transfer programs being used, recorded information about each file transfer, including the date and time of the transfer, the name of the file transferred, and the account name (or "nickname") of the user involved in the transfer.

4. The retail value of some, but not all, of the copyrighted works found on the various computer servers has been obtained from the Business Software Alliance ("BSA"), an industry consortium including Microsoft, Borland, Adobe, and other major software vendors. Using the known retail value of those copyrighted works, and estimating the value of the other copyrighted works, I have obtained several measures of the loss amount attributable to the defendant.

5. The defendant was known to be active on one server, House of Pain ("HOP"), from approximately July 9, 2003 until March 22, 2004.

      6.    The first measure of loss amount measures the value of the copyrighted works that the defendant was directly responsible for transferring, totaling **$40,293.**  That loss amount was computed by adding the known valuation of the copyrighted works with known values to the estimated valuation of the copyrighted works without known values.

      7.    The second measure of loss amount measures the value of all copyrighted works transferred during the dates during which the defendant was active on the HOP server, totaling **$207,020.50.**  Again, that loss amount was computed by adding the known valuation of the copyrighted works with known values to the estimated valuation of the copyrighted works without known values -- but in this case, all transfers were included, not only the transfers for which the defendant was directly responsible.

      8.    The third measure of loss amount measures the value of each server on which the defendant was known to be active.  The value of each server was based only on the known valuation of copyrighted works found on the server, without

adding any estimated valuation for other copyrighted works on the server.  The value of HOP was **$77,510**.

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury that the foregoing is true to the best of my knowledge and belief.


/s/ Casey R. Harrington
Casey R. Harrington
Special Agent
Federal Bureau of Investigation

<u>CERTIFICATE OF SERVICE</u>

      Pursuant to Title 28, United States Code, Section 1746, and Rule 5(b) of the Local Civil Rules of the United States District Court for the District of Connecticut, I hereby certify that a copy of the document(s) listed below:

    Affidavit of Casey R. Harrington

was filed electronically and was served by electronic mail on the following parties:

    Mark P. Sutter, Esq.
    Sutter & Ori, LLC
    221 N. LaSalle, suite 2700
    Chicago, IL 60601

Notice of this filing will be sent by email to anyone unable to electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

      I certify under penalty of perjury that the foregoing is true and correct.

Dated:    November 29, 2007

                         <u>/s/ Edward Chang      </u>
                         EDWARD CHANG