UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES | JUDGMENT |
|---|---|
| V. | CASE NO. 3:07-CR-96(RNC) |
| | USM NO: 17533-014 |
| SCOTT CARRERA | |
| 1913 72nd Street | Government's Counsel: |
| Darien, IL 60561 | Edward Chang |
| | Assistant United States Attorney |
| | 157 Church Street |
| | New Haven, CT 06510 |
| | |
| | Defendant's Counsel: |
| | Mark P. Sutter |
| | 221 No. LaSalle Street, Suite 2700 |
| | Chicago, IL 60601 |

The defendant pleaded guilty to count one of an information. Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Concluded | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Criminal Copyright Infringement | April 2004 | one |

The following sentence is imposed pursuant to the Sentencing Reform Act of 1984. The Court imposes a nonguidelines sentence. Considering the history and characteristics of the defendant, and the nature and circumstances of his offense conduct, a sentence of incarceration would be harsher than necessary. For a period of about eight months starting in July 2003, the defendant participated in infringing activity for nonpecuniary motives as part of the "warez scene." His criminal conduct was a marked deviation from an otherwise law-abiding life. The amount of loss that should be attributed to him for sentencing is difficult to estimate but the retail value of the copyrighted works he was directly responsible for transferring totals $40,293, according to the FBI. In light of this, the stipulated loss amount in the parties' plea agreement of between $200,000 and $400,000 appears to significantly overstate the seriousness of the defendant's conduct. In the four years that have passed since the defendant left the "warez scene" behind, he has cooperated fully with the Government, started a family, and helped build a successful business in the field of computer security. It is highly unlikely that he will offend again. A sentence of incarceration would give undue weight to the deterrent effect such a sentence might have on others while giving too little weight to the adverse effect such a sentence would have on the defendant, his family and his business. In addition, a sentence below the advisory guideline range is necessary to avoid unwarranted disparity in sentencing because similarly situated defendants have received sentences of probation.

**PROBATION**

The defendant is sentenced to a term of probation of 3 years subject to the mandatory and standard conditions set forth at page 3. The mandatory condition requiring drug testing is waived. In addition, the following special conditions are imposed:

1. The defendant will spend the first 6 months of probation on home confinement with electronic monitoring. The defendant will arrange for, and pay all costs of, the electronic monitoring. The defendant will remain in his home at all times except for approved absences for gainful employment, medical appointments, religious services, and other times specifically approved in advance by the Probation Office.

2. The defendant will pay a fine in the amount of $7,500.00, at a rate of not less than $200 per month beginning in May 2008. Interest on the fine is waived.

3. The defendant will perform 120 hours of community service under the direction of the Probation Office at a rate of not less than 10 hours per month, beginning the month following his completion of the term of home confinement.

4. The defendant will provide the Probation Office with access to requested financial information.

Page 2

**MONETARY PENALTIES**

In addition to the fine noted above, the defendant will pay a special assessment of $100.00 on count one.

It is further ordered that the defendant will notify the United States Attorney for this District within 30 days of any change of name, residence or mailing address until the fine and special assessment imposed by this judgment are paid.

**April 22, 2008**
Date of Imposition of Sentence

___/s/ RNC_____
Robert N. Chatigny, U.S.D.J.
Date: April 22, 2008

**RETURN**

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

John F. Bardelli
United States Marshal

By   _____
         Deputy Marshal

**CERTIFIED AS A TRUE COPY
ON THIS DATE. _____
Roberta D. Tabora, Clerk**

**BY:** _____
         *Deputy Clerk*

## CONDITIONS OF PROBATION/SUPERVISED RELEASE

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

- ■ (1) The defendant shall not commit another federal, state or local offense;
- ☐ (2) The defendant shall not unlawfully possess a controlled substance;
- ☐ (3) The defendant who is convicted for a domestic violence crime as defined in 18 U.S.C. section 3561(b) for the first time shall attend a public, private, or private non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;
- ☐ (4) The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter for use of a controlled substance;
- ■ (5) If a fine is imposed and has not been paid upon release to supervised release, the defendant shall adhere to an installment schedule to pay that fine;
- ■ (6) The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;
- ☐ (7) A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation or is a student.
- ■ (8) The defendant shall cooperate in the collection of a DNA sample from the defendant.

**While on supervised release, the defendant shall also comply with all of the following Standard Conditions:**

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;
2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;
9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment;
14. The defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

**Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

**(Signed)** _____       _____
              **Defendant**                                                         **Date**

_____       _____
**U.S. Probation Officer/Designated Witness**              **Date**